UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL ROBINSON, #732728,

        Plaintiff,

v.

DAVID KYTOLA,

        Defendant.
_____/

Case No. 2:21-cv-63

Hon. Janet T. Neff
U.S. District Judge

## REPORT AND RECOMMENDATION

### I.  Introduction

This Report and Recommendation (R&R) addresses Defendant David Kytola's motion for summary judgment. (ECF No. 28.)

Plaintiff — state prisoner Michael Robinson — filed suit pursuant to 42 U.S.C. § 1983 on April 1, 2021. (ECF No. 1.) In his unverified amended complaint,[1] Robinson alleges that while he was confined at Baraga Correctional Facility (AMF) in Baraga,

---

[1] Robinson attempted to verify his complaint by stating "I Plaintiff Michael Robinson #732728 hereby certify that the events, listed within '1983 motion' are in fact true, and sworn to the best of my recollection." (ECF No. 14, PageID.71.) However, 28 U.S.C. § 1746 requires a verification to be in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." As Robinson did not certify his complaint under the penalty of perjury, the undersigned does not consider the allegations in his complaint as having "'the same force and effect as an affidavit' for purposes of responding to a motion for summary judgment." *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (*quoting Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992).

Michigan, Corrections Officer (CO) David Kytola used excessive force against him in violation of Robinson's Eighth Amendment rights. (ECF No. 14, PageID.65 (Amended Complaint).) More specifically, Robinson asserts that as he reached through his cell's food slot for vitamins on July 8, 2020, CO Kytola crushed Robinson's left wrist in the food slot. (*Id.*, PageID.68.) Robinson further states that the impact from the food slot fractured his left wrist. (*Id.*)

CO Kytola now moves for summary judgment. CO Kytola argues that the Court should dismiss Robinson's case because Robinson fails to establish: (1) more than a *de minimis* injury, and (2) that CO Kytola acted maliciously and sadistically with a purpose to cause Robinson harm. (ECF No. 29, PageID.128-129.) In response, Robinson asserts that there are genuine issues of material fact bearing on whether CO Kytola intentionally closed the food slot on Robinson's wrist.[2] (ECF No. 32, PageID.277.)

---

[2] The affidavit that Robinson attached to his response also appears to include requests for appointment of counsel, for a court-appointed expert, for an order allowing him to communicate with a fellow prisoner, for a writ of habeas corpus ad testificandum, for an order compelling the production of a videorecording of the July 8, 2020, incident, and for multiple subpoenas. (ECF No. 32, PageID.273-275; ECF No. 32-1, PageID.282.) Despite Robinson's contention that there are genuine issues of material fact, he also purports to make a cross-motion for summary judgment. (ECF No. 32-1, PageID.283.) CO Kytola did not address these requests in his reply brief. (ECF No. 33.) Simply put, an affidavit attached to a response brief to a motion for summary judgment is not the proper avenue for making these motions. Moreover, many of these motions are either late (e.g., Robinson's discovery-related motions), or premature (e.g., Robinson's motions for writs or witness subpoenas). Accordingly, the undersigned respectfully denies these non-dispositive requests, or, alternatively, recommends that the District Court deny these requests. To the extent that Robinson still wishes to request these orders from the Court, he should file a separate motion or motions, rather than embedding his request in an affidavit he attaches to a responsive pleading.

The undersigned respectfully recommends that the Court grant CO Kytola's motion for summary judgment because there are no genuine issues of material fact with respect to either component of Robinson's Eighth Amendment claim. In the undersigned's opinion, Robinson has not provided evidence consistent with more than use of *de minimis* force; nor has Robinson presented evidence that CO Kytola maliciously or sadistically used force against him. For these same reasons, the undersigned also finds that CO Kytola did not violate Robinson's clearly established Eighth Amendment rights, thus entitling CO Kytola to qualified immunity. As a result of these conclusions, the undersigned respectfully recommends that the Court grant CO Kytola's motion for summary judgment.

## II.   Procedural History

As set forth above, Robinson filed his initial complaint on April 1, 2021. (ECF No. 1.) On March 3, 2022, the Court issued a screening opinion and order dismissing all defendants except CO Kytola. (ECF Nos. 5 and 6, PageID.41.)

The Court referred the case to mediation, but the matter was not resolved. (ECF No. 11, PageID.59.) Following mediation, the Court ordered service of the complaint on CO Kytola. On November 1, 2022, CO Kytola executed a waiver of service. (ECF No. 16, PageID.86.)

On November 4, 2022, Robinson filed an amended complaint against all the original defendants and an additional two defendants. (ECF No. 14, PageID.66-67.) Robinson's amended complaint was also unverified. (*Id.*, PageID.71.) Then, on April 28, 2023, the Court issued another screening opinion and order, again dismissing all

defendants except CO Kytola because Robinson failed to state claims against all the other parties. (ECF Nos. 30 and 31, PageID.272.) Thus, Robinson's claim against CO Kytola for excessive force in violation of the Eighth Amendment is the only claim that remains.[3]

### III.   Factual Allegations

Although Robinson's amended complaint was unverified, Robinson did verify his response to CO Kytola's motion for summary judgment. (ECF No. 32, PageID.278.) And, as noted above, Robinson included what appears to be an affidavit with his response. (ECF No. 32-1.) Robinson alleges that on July 8, 2020, CO Kytola and Licensed Practical Nurse (LPN) Amber Majurin came to his cell to deliver his evening medication. (ECF No. 32-1, PageID.284.) Robinson says that after LPN Majurin provided him with his medication, she realized that she forgot his vitamins. (*Id.*) She then instructed Robinson to place his medication cup back into his food slot so she could administer the vitamins. (*Id.*, PageID.285.) Robinson says that when he placed the medication cup back into the slot, CO Kytola "slammed" his "left wrist area" in the slot. (*Id.*) According to Robinson, LPN Majurin immediately asked CO Kytola what he was doing, and told CO Kytola he was smashing Robinson's arm. (*Id.*)

Robinson further alleges that after CO Kytola slammed his wrist in his food slot, Robinson asked to see a registered nurse (RN) and shift command. According to

---

[3]   In his original complaint, Robinson appeared to allege state law claims against CO Kytola. (ECF No. 1, PageID.5.) As noted by the Court in its April 28, 2023, screening opinion, Robinson abandoned those state claims in his amended complaint. (ECF No. 30, PageID.258.)

Robinson, neither came to see him that day. (*Id.*) Robinson says that it was not until July 10, 2020, that an RN came to see him.[4] (*Id.*) Robinson states that the RN noted that his wrist was swollen and that there was a "small bruise mark." (*Id.*)

## IV. Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

---

[4] In his verified response to CO Kytola's motion for summary judgment, Robinson attempts to raise a claim of deliberate indifference. (ECF No. 32, PageID.273.) The Sixth Circuit has established that "a non-moving party plaintiff may not raise a new legal claim for the first time in response to opposing party's summary judgment motion. At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Rule 15(a)." *Tucker v. Union of Needletrades, Indust. & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2723 (3d ed. Supp.2005)).

V.   **Eighth Amendment- Excessive Force**

As set forth above, Robinson alleges that CO Kytola utilized excessive force against him in violation of his Eighth Amendment rights. (ECF No. 14, PageID.65.) The Eighth Amendment limits the power of the states to punish those convicted of a crime. Punishment may not be "barbarous", nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981); *Trop v. Dulles*, 356 U.S. 86, 101 (1958). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346. Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.*

To establish an Eighth Amendment claim, a plaintiff must satisfy both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991). "The objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Wilson*, 501 U.S. at 298). "The subjective component focuses on the state of mind of the prison officials." *Williams v. Curtin*, 631 F.3d at 383.

Under the objective component, the pain inflicted must be "sufficiently serious." *Williams*, 631 F.3d at 383 (quoting *Wilson*, 501 U.S. at 298). The Court's inquiry regarding the seriousness of the injury is "contextual" and is "responsive to contemporary standards of decency." *Hudson*, 503 U.S. at 8–9. While the extent of an inmate's injury may help determine the amount of force used by the prison or jail official, it is not dispositive of whether an Eighth Amendment violation has occurred.

6

*Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010).  When prison or jail officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated, "[w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9.

To meet the objective component, Robinson must establish a "sufficiently serious" injury resulted from CO Kytola's use of force. *Williams*, 631 F.3d at 383. Although the Court's inquiry regarding the seriousness of Robinson's injury is contextual and the seriousness is not dispositive of his claim, the seriousness of Robinson's injury informs the level of force CO Kytola used when closing the food slot.

As set forth above, Robinson avers in his affidavit that CO Kytola "slammed" Robinson's wrist in the food slot of his cell door.[5]  (ECF No. 32-1, PageID.285.) Robinson states that the incident caused his wrist to be "a little swollen" and have "a small bruise." (*Id.*)  When the RN asked him about his wrist, Robinson told her that his wrist was "tender." (*Id.*)  As shown below, during his deposition, Robinson reiterated that he suffered only "a small bruise." (ECF No. 29-2, PageID.150.)

---

[5]  In his affidavit, Kytola attests that he did not slam or even close Robinson's wrist in the food slot.  (ECF No. 29-4, PageID.250.)  But, as noted above, the Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in Robinson's favor at summary judgment. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

```
3   Q    Okay. You said that you saw bruising. Do you recall if
4        there was anything else irregular about your wrist after the
5        food slot incident?
6   A    It was just small purplish and it was, like, a little
7        bruise. It's like a little small bruise mark. It's still a
8        little small bruise mark on the side. It ain't that bad no
9        more.
```
(*Id.*)

Additionally, during his deposition, Robinson refers to an x-ray of his left wrist as evidence regarding the amount of force employed by CO Kytola. (*Id.*) However, that x-ray revealed only calcium deposits, not any fractures or deformities in Robinson's left wrist. (ECF No. 29-5, PageID.253.) Per Nurse Practitioner Lewis's affidavit, "calcium deposits are not caused by a crush injury." (*Id.*) Furthermore, that x-ray was taken on March 15, 2021, about eight months after CO Kytola allegedly "slammed" Robinson's wrist in the food slot of his cell.

In addition to the x-ray, Robinson's other medical records are inconsistent with his allegations. First, RN Sundberg saw Robinson on July 10, 2020 – two days after the alleged incident – for complaints of left wrist pain. (ECF No. 32-1, PageID.286.) As demonstrated in the administrative note below, RN Sundberg concluded Robinson did not have any problems with his wrist at that time. (ECF 29-3, PageID.187).

> Nursing Note encounter performed at Segregation Unit.
> **Administrative Notes:**
> ADMINISTRATIVE NOTE   1        Provider:  Sundberg, Nicole [NS6] RN
> Seen inmate cell side for complaints of left wrist pain. Inmate states his left wrist got caught in the sliding part of the food box when he was retrieving his medications. Inmate has full ROM of left wrist, able to wiggle fingers, no swelling or deformities noted. Inmate has no c/o numbness or tingling. Instructed to contact HC if pain persists. Inmate verbalized understanding.

(*Id.*)

Then, Robinson went on a hunger strike from approximately July 8, 2020 to July 13, 2020. (*Id.*, PageID. 184-186.) This led him to have multiple encounters with health care in the days immediately following the alleged incident with CO Kytola. (*Id.*) The medical records from these days do not reflect any problems with Robinson's wrist.

Furthermore, medical records show that Robinson was extracted from his cell on July 18, 2020, and placed in soft restraints. An RN assessed the restraints on Robinson's wrists and ankles and found no problems. (*Id.*, PageID.165.) Robinson eventually slipped out of his soft restraints and had to be placed in hard restraints. (*Id.*, PageID.164.) Placement of the hard restraints led to another evaluation by an RN, who observed no problems with his wrists or ankles. (*Id.*) Finally, on July 21, 2020, an RN conducted a 7-day post hunger strike evaluation and found Robinson to be in "no apparent distress." (*Id.*, PageID.162.)

Ultimately, in the undersigned's opinion, the evidence provided by Robinson establishes at most a *de minimis* injury. *See Jones Bey v. Johnson*, 248 F. App'x 675, 677 (6th Cir. 2007) (finding that pain and swelling to the inmate's wrist constituted injuries "so slight that, even if proven, they constitute a *de mimimus* violation"); *Puckett v. Huizing*, No. 1:07-CV-1274, 2010 WL 1032694, at *1 (W.D. Mich. Mar. 17,

2010) (finding that the plaintiff's injuries, which consisted of "several scratches, slight bruising, and no swelling," were *de minimis* and therefore insufficient to survive summary judgment).

Moreover, Robinson provides no evidence that CO Kytola shut his wrist in the food slot maliciously or sadistically to cause harm. *Hudson*, 503 U.S. at 9. Although Robinson stated in his amended complaint that CO Kytola "laughed and waited at least a[n] extra 10 seconds before releasing Plaintiff's wrist out of entrapment," Robinson did not verify this complaint. (ECF No. 14, PageID.68.) Furthermore, Robinson later retracted this statement both in his verified response to CO Kytola's motion for summary judgment and in his deposition. First, Robinson admitted in his response that he could only "assume" CO Kytola laughed. (ECF No. 32-1, PageID.285.) Then, when he recounted the incident during his deposition, Robinson stated only that LPN Maurin told CO Kytola to "[g]et the door off of [Robinson]" and that CO Kytola "took his time." (ECF No. 29-2, PageID.147.) Robinson made no reference to any laughter or other indication that CO Kytola had shut the food slot on Robinson's wrist with the intent to cause harm.

In sum, there are no genuine issues of material fact as to the objective component of Robinson's claim of excessive force. The evidence on the record establishes at most a *de minimis* injury. And, nothing in the record suggests that CO Kytola acted maliciously and sadistically to cause Robinson harm. Therefore, the undersigned recommends that the Court grant CO Kytola's motion for summary judgment as to Robinson's excessive force claim.

## VI. Qualified Immunity

Alternatively, CO Kytola moves for qualified immunity from liability. (ECF No. 29, PageID.136.)

CO Kytola's claim for qualified immunity is largely redundant. However, the undersigned agrees; because there are no genuine issues of material fact, and because the undersigned finds that CO Kytola did not violate Robinson's Eighth Amendment rights, the undersigned also concludes that CO Kytola is entitled to qualified immunity. *See Phillips v. Roane Cty.*, 534 F.3d 531, 538 (6th Cir. 2008) ("Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982))).

## VII. Recommendation

The undersigned respectfully recommends that the Court grant Defendant CO Kytola's motion for summary judgment.

If the Court accepts this recommendation, the case will be dismissed.

Dated:  June 27, 2023                                     /s/ *Maarten Vermaat*
                                                                                  MAARTEN VERMAAT
                                                                                  U. S. MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C) Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).